**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICHAEL TOLBERT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-297-GPM |
| | ) |
| **RICK SUTTON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

**FACTS ALLEGED**

Plaintiff states that he is a practicing Muslim. According to Plaintiff's beliefs, he is required to perform a wudu, or ritual ablution, prior to the service. Furthermore, if the wudu becomes invalidated during the service, due to falling asleep or soiling oneself, the wudu must be renewed. During the time that Plaintiff was in Pinckneyville, inmates were informed that the toilet facility in the chapel would no longer be available to them; therefore, they would need to perform wudu in their cells before attending services. At this same time, Plaintiff was taking prescription medication to treat his high blood pressure, and this medication caused frequent urination. Although he explained this situation to Defendants Sutton and Wuebbels, they remained firm on their policy regarding closure of the chapel bathroom. Plaintiff occasionally urinated on himself during a service, thus he was unable to participate in the complete service. Plaintiff filed grievances over this policy; those grievances were ultimately denied by Defendant Evans. Plaintiff also alleges that Defendant Feinerman represented, falsely, that Plaintiff was not taking any medication that would necessitate frequent access to the toilet.

Out of these allegations, Plaintiff presents two claims.

**INTERFERENCE WITH RELIGIOUS PRACTICES**

Plaintiff's primary claim is that Defendants Sutton, Wuebbels, and Evans interfered with his religious practices by implementing and enforcing the policy regarding use of the chapel toilet during service.

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). Therefore, at this point in the litigation, the Court is unable to dismiss Plaintiff's First Amendment

claims regarding interference with his religious practices.

### DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

Plaintiff's other claim is that Defendants Sutton and Wuebbels were deliberately indifferent to his medical needs by refusing to allow him to use the chapel bathroom during services. He further claims that Defendant Feinerman is equally liable for making false representations regarding the side effects of Plaintiff's medication.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

*Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

Plaintiff alleges only that he suffered some discomfort in trying to "hold it" through the length of the service, which hardly constitutes a serious risk of harm. As for Defendant Feinerman's alleged misrepresentations, the Court cannot find that such statements amount to deliberate indifference. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and his medical claims against all defendants are dismissed from this action with prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims regarding his medical condition are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendant **FEINERMAN** is **DISMISSED** from this action with prejudice, as no claims remain pending against him.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **SUTTON, WUEBBELS**, and **EVANS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **SUTTON, WUEBBELS**, and **EVANS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional

copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 07/27/07

*s/ G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge